### BEELER et al. v. SMITH, Mayor, et al.

### No. 64.

District Court, E. D. Kentucky.

June 4, 1941.

Hayden C. Covington, of Brooklyn, N. Y., R. L. Pope, of Harlan, Ky., and Victor Schmidt, of Rossmoyne, Ohio, for plaintiffs.

Hubert Meredith, Atty. Gen., of Kentucky, and H. Appleton Federa, Asst. Atty. Gen., of Kentucky, for defendants.

Before HAMILTON, Circuit Judge, and FORD and SWINFORD, District Judges.

PER CURIAM.

This cause having heretofore been heard upon the plaintiffs' motion for an interlocutory injunction and a final hearing of the suit having been had upon proof introduced by the parties and the cause being submitted for final judgment to the undersigned, sitting as a District Court of three judges, and the court being advised, makes the following findings of fact and conclusions of law upon the issues herein presented, to-wit:

### Findings of Fact.

1. That the plaintiffs, Louis Beeler, Elmer Hopkins, Lyndell Carr, S. F. Lehman, M. L. Lehman and Elihu Hurst, are citizens and residents of the State of Kentucky and of the United States; that each of them is a member of an organization known as "Jehovah's Witnesses", and, as such, at the time of the institution of this action and prior thereto, each of them was a duly authorized representative of "Watch Tower Bible and Tract Society", a corporation engaged in printing and publishing various books, tracts, pamphlets, periodicals and magazines, which the plaintiffs and other members of the organization "Jehovah's Witnesses", at the time of the institution of this action and prior thereto, were engaged in distributing, selling and otherwise circulating on the streets and public places in the cities, towns and villages of Harlan County and other counties of the State of Kentucky and in distributing to the residents of the County of Harlan at their homes and elsewhere.

2. That the defendant L. O. Smith is the duly elected and qualified Mayor of the City of Harlan, Harlan County, Kentucky; that the defendant Daniel Boone Smith is the duly elected and qualified Commonwealth's Attorney in and for the District of the State of Kentucky which includes the city and county of Harlan; that the city of

Harlan is a municipal corporation duly organized and existing under the laws of the State of Kentucky; that the defendant Harmon Noe is Chief of Police of the City of Harlan; that the defendant Lige Howard is the duly elected and qualified Judge of the Police Court of the City of Harlan; that the defendants Estle Giles and Ben F. Unthank are duly qualified and appointed members of the Police Department of the City of Harlan; that the defendant H. C. Caywood is the duly elected and qualified Sheriff of the county of Harlan, and that the defendant Hubert Meredith is the duly elected and qualified Attorney General of the State of Kentucky.

3. That prior to the institution of this action, on or about the first day of June 1940, the defendants, other than the defendant Hubert Meredith, Attorney General, acting in their respective capacities as public officers of the city of Harlan, county of Harlan and State of Kentucky, arrested or caused the arrest, imprisonment and prosecution of the plaintiffs upon the charge or charges that by engaging in the distribution, sale and circulation of certain hereinafter described books, tracts, pamphlets, periodicals, magazines and other printed matter the defendants committed the crime of "sedition" in violation of chapter 100 of the Acts of the Legislature of Kentucky of 1920, Ky.Statutes, §§ 1148a-1 to 1148a-14, inclusive, and they have since threatened, under color of said statute and by virtue thereof, to continue to so arrest, imprison and prosecute the plaintiffs and other members of the organization of "Jehovah's Witnesses" who may continue to so distribute such printed matter in Harlan County, Kentucky; that by so doing the defendants, other than Hubert Meredith, Attorney General, prevented the plaintiffs and others of "Jehovah's Witnesses" from continuing to exercise the right to engage in, carry on or pursue their business or activities in circulating, selling or otherwise distributing such printed matter in Harlan County, Kentucky.

4. That the printed matter so distributed or proposed to be so distributed and circulated by the plaintiffs consists of the following books, tracts, pamphlets, periodicals, magazines and printed matter printed and published by Watch Tower Bible & Tract Society, Inc.[1]

5. That the plaintiffs are fairly representative of the class or group of persons residing in the state of Kentucky and carrying on similar business and activities known as "Jehovah's Witnesses".

### Conclusions of Law.

1. That the plaintiffs are entitled to maintain this action for and on behalf of themselves and all others embraced in the class or group of persons in Harlan County and the State of Kentucky known as "Jehovah's Witnesses".

2. That this court of three judges sitting pursuant to section 266 of the Judicial Code of the United States, 28 U.S.C.A. § 320, has jurisdiction of the parties and the subject matter of this action to restrain future arrests, imprisonment or prosecution of the plaintiffs or others of "Jehovah's Witnesses" on account of the acts herein described under color of chapter 100 of the Acts of the Legislature of Kentucky of 1920, Kentucky Statutes, §§ 1148a-1 to 1148a-14.

3. That this court is without jurisdiction to enjoin, restrain or otherwise interfere with prosecutions or other criminal proceedings pending in the courts of the State of Kentucky under the indictments set out in the petition or otherwise instituted therein prior to the institution of this action.

4. That the sale, circulation and distribution of printed matter described in Paragraph No. 4 of the foregoing findings of fact do not constitute "sedition" as defined by chapter 100 of the Acts of the Kentucky Legislature of 1920, Ky.Statutes, §§ 1148a-1 to 1148a-14, inclusive, and such activities are not prohibited thereby or in violation thereof.

5. That by threatening to continue to arrest, imprison and prosecute the plaintiffs in the manner and to the extent described and set out in Paragraph No. 3 of the foregoing findings of fact the defendants, other than Hubert Meredith, Attorney General, have deprived the plaintiffs of rights, privileges and immunities secured by the Constitution of the United States; that plaintiffs have no adequate remedy at law and on behalf of themselves and others of "Jehovah's Witnesses" they are entitled to a permanent injunction restraining the

---

[1] The list of publications is on file with the clerk of court.

said defendants from continuing such deprivation.

6. That the provisions of chapter 100 of the Acts of the Legislature of Kentucky of 1920, Ky.Statutes, §§ 1148a-1 to 1148a-14, are not applicable or effective to prohibit or interfere with the plaintiffs or others of "Jehovah's Witnesses" in circulating, selling or distributing the herein described printed matter and the acts and activities of the plaintiffs in so doing are not violative thereof, therefore the court concludes it is unnecessary to consider or determine the question presented as to the constitutionality of the act.

7. That the defendant Hubert Meredith, Attorney General of the State of Kentucky, was not a party to any threats to continue the arrest, imprisonment or prosecution of the plaintiff or others of "Jehovah's Witnesses", and since it is stated in the petition that he "is joined in this suit solely because the plaintiffs attack the validity of a statute of the Commonwealth of Kentucky" this action as to him should be dismissed.

### Judgment.

It is therefore ordered and adjudged by the court as follows:

1. That as to the defendant, Hubert Meredith, Attorney General, this action is dismissed.

2. That the defendants, L. O. Smith, individually and as Mayor of the City of Harlan, Kentucky, Daniel Boone Smith, individually and as Commonwealth's Attorney, the City of Harlan, its agents and officers, Harmon Noe, individually and as Chief of Police of the City of Harlan, Lige Howard, individually and as Police Judge of the City of Harlan, Estle Giles and Ben F. Unthank, individually and as members of the Police Department of the City of Harlan, and H. C. Caywood, individually and as Sheriff of Harlan County, Kentucky, be and are hereby enjoined and restrained from hereafter arresting, imprisoning or prosecuting the plaintiffs and others of "Jehovah's Witnesses" for or on account of circulating, selling or otherwise distributing in a peaceable and orderly manner the literature, books, publications and printed matter listed, identified and described in Paragraph No. 4 of the foregoing findings of fact, or by threats or otherwise interfering with such activity on the part of plaintiffs and others of "Jehovah's Witnesses", under color of chapter 100 of the Acts of the Kentucky Legislature of 1920, Ky.Statutes, §§ 1148a-1 to 1148a-14, inclusive, or upon the ground that such acts constitute "sedition" in violation of any law, statute or ordinance of the State of Kentucky, provided, however, nothing herein shall be construed to restrain or interfere with the defendants or either of them in the performance of their public duties as officers of the State of Kentucky in the arrest or prosecution of the plaintiffs or other persons for trespass or unlawful entry upon private property or other acts in violation of law of the State of Kentucky, or to restrain or otherwise interfere with the prosecution or other criminal proceedings pending in the courts of the State of Kentucky under the indictments set out in the petition or otherwise instituted therein prior to the institution of this action.